206 February 13, 2023 No. 15

IN THE OREGON TAX COURT
REGULAR DIVISION

WHITE OAK RIVER, INC.,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant.*

*and*

WASHINGTON COUNTY ASSESSOR,
*Defendant-Intervenor*

(TC 5443)

During a case management conference at the court's initiative, Plaintiff moved for an extension of time to respond to Defendant-Intervenor's dispositive motion. Plaintiff's counsel had requested and been granted an extended due date to file a response but did not communicate with the court after the extended date passed. The court did not find Plaintiff's counsel's explanation for the lack of communication sufficient to further extend the time to file a response. The court therefore denied Plaintiff's motion for extension of time and closed the record immediately.

Submitted on Defendant's dispositive motion.

Michael J. Mangan, Vorys, Sater, Seymour, and Pease LLP, Lake Oswego, filed a motion for Plaintiff.

Jason Bush, Washington County Counsel, Hillsboro, filed the dispositive motion for Defendant-Intervenor (the county).

Decision rendered February 13, 2023.

**ROBERT T. MANICKE, Judge.**

## I. INTRODUCTION

This matter is before the court on Plaintiff's motion for an extension of time to respond to a dispositive motion filed October 11, 2022, by Defendant-Intervenor and entitled Motion To Dismiss or in the Alternative Motion for Summary Judgment (Dispositive Motion). Plaintiff's motion for extension was made during a case management conference held

in this matter on January 30, 2023. Defendant-Intervenor stated at the conference that it opposes Plaintiff's motion.

## II. FACTS

(1) Plaintiff filed the Complaint in this case on April 25, 2022.

(2) Defendant Department of Revenue filed its Answer on May 26, 2022. In its Answer, Defendant informed the court of its intention to "tender the defense of the assessment" to the Washington County Assessor. The court understands that Defendant does not expect to participate in briefing on the Dispositive Motion.

(3) On June 8, 2022, the court granted Defendant-Intervenor's Motion in Intervention and accepted for filing Defendant-Intervenor's Answer.

(4) Plaintiff and Defendant-Intervenor jointly submitted a proposed briefing schedule on July 6, 2022, which the court approved that day. The parties agreed to due dates to file a set of stipulated facts, Defendant-Intervenor's Dispositive Motion, Plaintiff's response, Defendant-Intervenor's reply, and a reply by Plaintiff.

(5) The parties filed Stipulated Facts on August 18, 2022.

(6) On the approved due date for Defendant-Intervenor's Dispositive Motion (September 23, 2022), Defendant-Intervenor filed a motion requesting an extension until October 11, 2022, supported by a declaration of counsel describing the basis for the request and representing that, after conferral, Plaintiff's counsel did not oppose the extension. The court granted the extension on September 26, 2022.

(7) Defendant-Intervenor filed its Dispositive Motion on the extended due date of October 11, 2022.

(8) On October 25, 2022, approximately 10 days before the approved due date for Plaintiff's response to Defendant-Intervenor's Dispositive Motion (November 4, 2022), counsel for Plaintiff notified the court by email that he would likely seek to extend the due date by two weeks.

On the same day, counsel for Defendant-Intervenor notified the court by email that he had no objection to an extension of two weeks.

(9)   On November 18, 2022, 14 days after the deadline for Plaintiff's response to Defendant-Intervenor's Dispositive Motion, Plaintiff moved for a 30-day extension of time until December 18, 2022. Plaintiff supported its motion for an extension with a declaration of counsel describing the basis for the request. Plaintiff's motion for an extension did not state whether Defendant or Defendant-Intervenor had agreed to the extension.

(10)   On November 30, 2022, after the time for any opposition had elapsed, the court entered its Order Granting Plaintiff's Motion for Extension of Time To File a Response, allowing the requested extended due date of December 18, 2022. Also on November 30, 2022, the court notified all counsel by email of revised deadlines for the remaining briefs previously agreed to: January 11, 2023, for Defendant-Intervenor's reply, and February 3, 2023, for Plaintiff's reply.

(11)   To date, Plaintiff has filed no response to Defendant-Intervenor's Dispositive Motion, the extended due date for which was December 18, 2022. The court received no other communication from Plaintiff until January 25, 2023, when the court received a letter from Defendant-Intervenor reporting that counsel for Defendant-Intervenor and counsel for Plaintiff had conferred and agreed that the court should hold a case management conference.

## III.   DISCUSSION

At the case management conference on January 30, 2023, the court reviewed the filings relevant to the due date of Plaintiff's response to Defendant-Intervenor's Dispositive Motion, expressed its inclination to close the record immediately, and invited argument from the parties. Counsel for Plaintiff requested a further extension to file a response, arguing that the legal significance of the procedural issue that is the subject of Plaintiff's complaint justifies further briefing. However, counsel for Plaintiff offered no coherent explanation for failure to communicate with the court in

the six weeks since the extended due date of December 18, 2022. Counsel stated that he was ill during some of that period but also acknowledged that he had communicated with counsel for Defendant-Intervenor during that time. Otherwise, counsel offered only that he had hoped to work out an unspecified "joint agreement" with counsel for Defendant-Intervenor that would "save the court time." At no point did counsel assert that it was beyond his control to alert the court of difficulties complying with Plaintiff's filing deadline. The court finds that counsel for Plaintiff ignored the deadline, apparently in hopes of filing something other than a response at some future date that would resolve the case in some manner. The court finds no basis to grant a further extension.

## IV.   CONCLUSION

The court being duly advised, now, therefore,

IT IS ORDERED that Plaintiff's motion for extension of time is denied. The case is under advisement based on the record as in existence on January 30, 2023.